# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Katheryn Bailey, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Nelson, Watson & Associates, L.L.C.; and DOES 1-10, inclusive, | |
| Defendant. | |

For this Complaint, the Plaintiff, Katheryn Bailey, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and repeated violations of the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. § 12-14-101, *et seq.* ("CFDCPA") by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Katheryn Bailey ("Plaintiff"), is an adult individual residing in Del Norte, Colorado, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Nelson, Watson & Associates, L.L.C. ("Nelson"), is a Massachusetts

business entity with an address of 80 Merrimack Street, Haverhill, Massachusetts 01830, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Nelson and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Nelson at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff is being contacted for a financial obligation (the "Debt") to a creditor (the "Creditor") that her son incurred.

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Nelson for collection, or Nelson was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Nelson Engages in Harassment and Abusive Tactics

### FACTS

12. The Plaintiff's son, who lives at the same residence as the Plaintiff, is the party who incurred the Debt.

13. The Defendants contacted the Plaintiff at her home a number of times in order to

speak to her son. The Plaintiff has previously explained to the Defendants that her son is mute and cannot speak. In fact, during one conversation, the Defendant asked the Plaintiff whether her son could "come to the phone and grunt or groan".

14. The Defendants called the Plaintiff at least four (4) times per day, every day.

15. The Defendants, in placing their telephone calls, allowed the phone to ring once before disconnecting the telephone call.

16. The Defendants would not disclose the identity of the debt collection agency when speaking to the Plaintiff.

17. The Defendants used rude and abusive language when speaking to the Plaintiff.

18. The Plaintiff requested that the Defendants explain the origin of the Debt. The Defendants refused to do so.

19. Despite the Plaintiff's explanation, the Defendants demanded that the Plaintiff transfer to them, power of attorney.  The Plaintiff refused the Defendants' request.

20. The Defendants did not send the Plaintiff or her son a validation notice explaining her or her son's rights under state and federal law, or their right to dispute the Debt.

### C. Plaintiff Suffered Actual Damages

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

23. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and

utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT - 15 U.S.C. § 1692, *et seq.*

24.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

26.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

27.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

28.     The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

29.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

30.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the debt.

31.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed.

32.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt

within thirty days.

33.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

34.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

35.     The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the debt had not been validated.

36.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

37.     The Plaintiff is entitled to damages as a result of Defendant's violations.

**COUNT II**
**VIOLATIONS OF THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT**
**Colo. Rev. Stat. § 12-14-101, et seq.**

38.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.     The Plaintiff is a "consumer" as defined by Colo. Rev. Stat. § 12-14-103(4).

40.     The Defendants are a "collection agency" and "debt collectors" as defined by Colo. Rev. Stat. § 12-14-103(2) and (7).

41.     The Defendants communicated with the Plaintiff in connection with the collection of a debt at an unusual time, place, or manner which they knew or should have known to be inconvenient to the Plaintiff, in violation of Colo. Rev. Stat. § 12-14-105(1)(a).

42.     The Defendants engaged in a conduct the natural consequence of which was to

5

harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of Colo. Rev. Stat. § 12-14-106(1).

43. The Defendants used obscene or profane language or language the natural consequence of which was to abuse the Plaintiff in connection with the collection of a debt, in violation of Colo. Rev. Stat. § 12-14-106(1)(b).

44. The Defendants caused the Plaintiff's telephone to ring or engaged the Plaintiff in telephone conversations repeatedly or continuously with the intent to annoy, abuse, or harass the Plaintiff, in violation of Colo. Rev. Stat. § 12-14-106(1)(e).

45. The Defendants placed telephone calls without meaningful disclosure of their identity within sixty seconds after an initial call to the Plaintiff, in violation of Colo. Rev. Stat. § 12-14-106(1)(f).

46. The Defendants used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of Colo. Rev. Stat. § 12-14-107(1).

47. The Defendants used false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning the Plaintiff, in violation of Colo. Rev. Stat. § 12-14-107(1)(k).

48. The Defendants used unfair or unconscionable means to collect or attempted to collect a debt, in violation of Colo. Rev. Stat. § 12-14-108(1).

49. The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating the amount of the debt, in violation of Colo. Rev. Stat. § 12-14-109(1)(a).

50. The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating the name of the creditor to whom the debt

was owed, in violation of Colo. Rev. Stat. § 12-14-109(1)(b).

51. The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating that unless the Plaintiff, within thirty days after receipt of the notice, disputed the validity of the debt, or any portion thereof, the debt would be assumed to be valid by the Defendants, in violation of Colo. Rev. Stat. § 12-14-109(1)(c).

52. The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating that if the Plaintiff notified the Defendants in writing within the thirty-day period that the debt, or any portion thereof, was disputed, the Defendants would obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment would be mailed to the Plaintiff by the Defendants, in violation of Colo. Rev. Stat. § 12-14-109(1)(d).

53. The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating that upon the Plaintiff's written request within the thirty-day period, the Defendants would provide the Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of Colo. Rev. Stat. § 12-14-109(1)(e).

54. The Defendants failed to cease collection of the debt, or any disputed portion thereof, after notification by the Plaintiff that the debt was disputed, and before the Defendants obtained verification of the debt or a copy of a judgment or the name and address of the original creditor and mailed a copy of such verification or judgment or name and address of the original creditor to the Plaintiff, in violation of Colo. Rev. Stat. § 12-14-109(2).

55. The Defendants applied a payment to a debt which was disputed by the Plaintiff or did not apply such payment in accordance with the Plaintiff's directions, in violation of Colo.

7

Rev. Stat. § 12-14-110.

56. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the CFDCPA, including every one of the above-cited provisions.

57. The Plaintiff is entitled to damages as a result of Defendant's violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in his favor and against the Defendants as follows:

1. Against the named Defendants, jointly and severally, awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1) or Colo. Rev. Stat. § 12-14-113(1)(a);

2. Against each of the named Defendants, awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) or Colo. Rev. Stat. § 12-14-113(1)(b);

3. Against the named Defendants, jointly and severally, awarding Plaintiffs recovery of his litigation costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Colo. Rev. Stat. § 12-14-113(1)(c);

4. Granting Plaintiff such other and further relief as may be just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 14, 2010

Respectfully submitted,

        By __/s/ Dianne Zarlengo_____

        Dianne Zarlengo, Esq.
        Bar Number: 31385
        2800 So. University Blvd., Ste. 66
        Denver, CO 80210
        (303) 748-3513
        dzlegal@gmail.com
        Attorneys for Plaintiff


        Of Counsel To:

        LEMBERG & ASSOCIATES L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (877) 795-3666


        Plaintiff:
        Katheryn Bailey
        560 Penasco Street
        Del Norte, Colorado  81132